Case 2:12-cv-01595-KJM-KJN   Document 3   Filed 12/13/12   Page 1 of 8

1
2
3
4
5
6
7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT ERVIN, et al.,

11          Plaintiffs,              No. 2:12-cv-01595 KJM KJN PS

12      v.

13  BANK OF AMERICA, N.A., et al.,

14          Defendants.              ORDER
                                   /
15

16          Plaintiff Robert Ervin ("plaintiff"), who is proceeding without counsel, filed the

17  complaint on June 14, 2012.[1] Presently before the court is plaintiff's application to proceed in

18  forma pauperis (Dkt. No. 2).[2] For the reasons stated below, the undersigned grants the

19  ─────────────────
20  [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
    Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
21
22  [2] The complaint identifies three plaintiffs, but only plaintiff Robert Ervin signed the pleading
    and the application to proceed in forma pauperis. Accordingly, this order shall refer to Mr. Ervin
    as the "plaintiff" notwithstanding the pleading's caption. The undersigned informs Mr. Ervin that
23  as a non-attorney, Mr. Ervin may proceed on his own behalf but may not generally proceed on behalf
    of other individuals or entities, such as plaintiffs "Lynn Ervin" and the "Estate of Cynthia Duncan."
24  See 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and
    conduct their own cases . . . ."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.
25  1987); see also Knoefler v. United Bank of Bismark, 20 F.3d 347, 348 (8th Cir. 1994) (citing C.E.
    Pope Equity Trust and holding that pro se purported trustees had no right to represent trusts).
26  Further, pursuant to this court's local rules, "[a] corporation *or other entity* may appear only by an

                                        1

application to proceed in forma pauperis, but dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II. <u>Screening of Plaintiff's Complaint</u>

    A.    <u>General Screening Standards</u>

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Neitzke</u>,

---

attorney." E.D. Local Rule 183(a) (emphasis added). At this time, the undersigned will not recommend the dismissal of plaintiffs Lynn Ervin or the Estate of Cynthia Duncan. Because this order directs plaintiff to file an amended pleading that states the basis for this court's jurisdiction, as described below, in filing any amended pleading plaintiff should consider whether plaintiffs Lynn Ervin and the Estate of Cynthia Duncan should potentially be dropped from this case or, alternatively, should appear for themselves or appear through counsel.

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled,
2  has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.
3        In assessing whether a plaintiff's complaint fails to state a claim on which relief
4  can be granted, the court adheres to the "notice pleading" standards.  See, e.g., Paulsen v. CNF,
5  Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  The notice pleading standards are codified, in part, in
6  Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

14        Additionally, a complaint should be dismissed for failure to state a claim if, taking
15  all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to
16  relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th
17  Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  "'A claim has facial
18  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
19  inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.
20  Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949).  The
21  court accepts all of the facts alleged in the complaint as true and construes them in the light most
22  favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is
23  "not, however, required to accept as true conclusory allegations that are contradicted by
24  documents referred to in the complaint, and [the court does] not necessarily assume the truth of
25  legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559
26  F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See, e.g., Lopez, 203 F.3d at 1130-31.

B. Plaintiff's Complaint

The complaint appears to concern plaintiff's efforts to obtain a home loan modification.  (Compl., Dkt. No. 1 at 1-3.)  Plaintiff alleges that he requested a modification from Bank of America and that the bank only "pretend[ed]" to look into the potential for a modification.  (Id. at 1.)  Plaintiff alleges that he submitted modification paperwork to the bank via fax and mail on numerous occasions, that he received no response from the bank, that he phoned the bank and was repeatedly placed on hold, transferred, and disconnected multiple times, that he was instructed to "go into 'default'" for 90 days, and that he received "robo-signed" documents, among other things.  (Id. at 1-3.)  Plaintiff also alleges that "the bank is not the original creditor and is acting as a debt collector that is not governed by the FAIR DEBT COLLECTION PRACTICES ACT," but plaintiff does not describe particular conduct by any particular defendant done in violation of that statute.  (Id. at 2-3.)

The undersigned dismisses plaintiff's complaint for failure to meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a).  First, plaintiff's complaint does not include "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(3).  It is entirely unclear from plaintiff's complaint what relief plaintiff seeks through this lawsuit, and the Civil Cover Sheet does not list any demand.

Second, and more critically, plaintiff failed to plead "a short and plain statement of the grounds for the court's jurisdiction," without which his lawsuit cannot proceed in federal court.  Fed. R. Civ. P. 8(a)(1).  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation

marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity jurisdiction. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

Plaintiff's complaint does not allege a basis for this court's subject matter jurisdiction. Plaintiff's Civil Cover Sheet suggests that his action invokes the court's federal question jurisdiction. (Dkt. No 1-1.) However, there is no specification of a federal statute under which the action proceeds, except for "U.S. Code 112-90," which is an incomplete citation and does not inform the court of the federal statute plaintiff intends to invoke. (Id.)

The complaint references one federal statute, namely, the Federal Fair Debt Collection Practices Act (the "FDCPA") (15 U.S.C. § 1692). (Compl. at 3.) It is not clear

whether plaintiff actually intends to bring a claim under the FDCPA or intends only to mention that statute in passing. (Id.) Assuming plaintiff intends to bring a claim under the FDCPA, however, plaintiff's pleading is deficient. Where a pleading "lacks allegations of harassment or abuse to violate 15 U.S.C. § 1692d, false or misleading representations to violate 15 U.S.C. §1692e, or unfair practices to violate 15 U.S.C. § 1692f," it fails to state a FDCPA claim. Hernandez v. Cal. Reconveyance Co., No. CV F 09–0251 LJO DLB, 2009 WL 464462, at *4-5 (E.D. Cal. Feb. 23, 2009) (unpublished); Jelsing v. MIT Lending, No. 10cv416 BTM (NLS), 2010 WL 2731470, at *5 (S.D. Cal. July 9, 2010) (holding that sending a Notice of Trustee's Sale is not actionable under the FDCPA where a plaintiff does not allege that the sender was a "debt collector" and also because "foreclosing on [a] property pursuant to a deed of trust is not the collection of a "debt" within the meaning of the FDCPA.") (citing cases). See Hepler v. Washington Mut. Bank, F.A., No. CV 07-4804 CAS (Ex), 2009 WL 1045470, at *4-5 (C.D. Cal. April 17, 2009) (unpublished) ("[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."). In general, a mortgage servicing company foreclosing on a property is not acting as a debt collector within the meaning of the FDCPA. Izenberg v. ETS Servs., 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); Walker v. Equity 1 Lenders Group, No. 09cv325 WQH (AJB), 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) (unpublished). In short, plaintiff has not clearly alleged harassment or abuse required to state a FDCPA claim, and has not clearly alleged facts suggesting that defendants would not be subject to that statute's exemption for creditors, mortgagors, and mortgage servicing companies.

      Accordingly, the complaint is dismissed for lack of sufficient allegations regarding subject matter jurisdiction. However, this dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint that alleges a basis for this court's subject matter jurisdiction. Plaintiff must also state what relief he is seeking by way of this lawsuit. If plaintiff does not believe that he can state a good faith basis for this court's subject matter jurisdiction, he

should dismiss this case without prejudice and file the case in state court.

Plaintiff is granted leave to file an amended complaint within 45 days of the date of this order. Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. The complaint is dismissed with leave to amend. However, plaintiff has leave to file an amended pleading that corrects the deficiencies described herein.

3. Plaintiff is granted 45 days from the entry of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

////

////

1         IT IS SO ORDERED.

2   DATED: December 12, 2012

                                                                _____
                                                                KENDALL J. NEWMAN
                                                                UNITED STATES MAGISTRATE JUDGE