IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ERVIN, et al.,

      Plaintiffs,                              No. 2:12-cv-01595 KJM KJN PS

      v.

BANK OF AMERICA, N.A., et al.,

      Defendants.                          <u>ORDER TO SHOW CAUSE</u>

/

        Plaintiff Robert Ervin ("plaintiff"), who is proceeding without counsel and in forma pauperis, filed his complaint on June 14, 2012.[1] (Order, Dkt. No. 3.) The undersigned previously dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), but gave plaintiff leave to file an amended complaint within 45 days. The undersigned's order issued December 13, 2012, warned plaintiff that a "[f]ailure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a)." (Dkt. No. 3 at 7.)

        It has been more than 45 days since the deadline for plaintiff to file an amended pleading pursuant to the undersigned's order of December 13, 2012. (Dkt. No. 3.) Plaintiff has

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

not filed an amended pleading. In fact, plaintiff has not completed any filing in this case since filing his original pleading.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

////

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, no later than April 8, 2013, why this case should not be dismissed for plaintiff's failure to prosecute the action and failure to follow the court's order of December 13, 2012 (Dkt. No. 3).

2. On or before April 8, 2013, plaintiff shall file a First Amended Complaint that addresses the issues raised in the court's screening order entered on December 13, 2012 (Dkt. No. 3).

3. Plaintiff's failure to file the required writing and/or a First Amended Complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: March 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3