1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT ERVIN, et al.,

11          Plaintiffs,              No. 2:12-cv-01595 KJM KJN PS

12      v.

13   BANK OF AMERICA, N.A., et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS
    _____/

15

16          Through these proposed findings and recommendations, the undersigned

17   recommends that this action be dismissed and that this case be closed.[1]   Although plaintiff was

18   previously granted leave to amend the complaint, plaintiff twice failed to do so.[2]

19   _____

20      [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

21

22      [2] As the undersigned has previously explained, the complaint identifies three plaintiffs but
     only one of them, Robert Ervin, actually signed the pleading and completed an in forma pauperis
     application.  (Dkt. No. 3 at 1 n.2 ("The undersigned informs Mr. Ervin that as a non-attorney, Mr.

23   Ervin may proceed on his own behalf but may not generally proceed on behalf of other individuals
     or entities, such as plaintiffs "Lynn Ervin" and the "Estate of Cynthia Duncan.") (citing authorities).)

24   The undersigned directed plaintiff(s) to clarify in an amended pleading whether they all truly
     intended to appear in this case and whether the "Estate of Cynthia Duncan" would appear through

25   counsel as required by the local rules, but no amended pleading was ever filed.  Accordingly, the
     court's prior orders have referred to Mr. Ervin as the sole "plaintiff" notwithstanding the pleading's

26   caption.  (Dkt. Nos. 3-4.)  As described herein, the undersigned recommends dismissal of this case

                                   1

1    I.     <u>BACKGROUND</u>

2           Plaintiff Robert Ervin ("plaintiff"), who is proceeding without counsel and in

3 forma pauperis, filed the complaint on June 14, 2012.  (Compl., Dkt. No. 1.)  The undersigned

4 previously dismissed that pleading without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), but

5 gave plaintiff leave to file an amended complaint within 45 days.  (Dkt. No. 3 at 7.)  The relevant

6 order was issued on December 13, 2012, and it warned plaintiff that a "[f]ailure to timely file an

7 amended complaint in accordance with this order will result in a recommendation that this action

8 be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a)."

9 (<u>Id.</u>)

10           Plaintiff failed to file an amended pleading by the deadline stated in the

11 undersigned's order.  In light of plaintiff's status as a pro se litigant, however, the undersigned

12 gave plaintiff a second opportunity to comply with that order and to file an amended pleading.

13 On March 7, 2013, the undersigned issued an Order to Show Cause ("OSC") directing plaintiff to

14 explain why the case should not be dismissed for plaintiff's failure to comply with the court

15 order requiring him to file an amended pleading, and for his failure to timely prosecute the case.

16 (OSC, Dkt. No. 4.)  The OSC specifically warned plaintiff that a "failure to file the required

17 writing and/or a First Amended Complaint shall constitute an additional ground for, *and*

18 *plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that

19 plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil

20 Procedure 41(b) and Local Rules 110 and 183(a)."  (OSC at 3 (emphasis in original).)  However,

21 plaintiff did not timely respond to the OSC by the deadline of April 8, 2013.

22

---

23 for Mr. Ervin's failure to prosecute it.  As to Mr. Ervin, such dismissal should be with prejudice.
As to the other potential plaintiffs, "Lynn Ervin" and "Estate of Cynthia Duncan," they may or may
24 not have intended to participate in this case.  Because the court presently lacks the information to
make any determination on that issue, claims of those two *potential* plaintiffs should be dismissed
25 *without* prejudice.  The remainder of this order is directed at Mr. Ervin individually for his failure
to prosecute and his failure to comply with court orders, and this order shall therefore refer to Mr.
26 Ervin as the "plaintiff."

1     To date, plaintiff has not filed an amended pleading or complied with the OSC.  In

2  fact, plaintiff has not completed any filing in this case since filing the original pleading.

3     The undersigned's prior orders (Dkt. Nos. 3-4) each separately informed plaintiff

4  that under Eastern District Local Rule 110, "[f]ailure of counsel or of a party to comply with

5  these Rules or with any order of the Court may be grounds for imposition by the Court of any and

6  all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover,

7  the undersigned's prior orders (Dkt. Nos. 3-4) also informed plaintiff that under Eastern District

8  Local Rule 183(a),

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.

13  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

14  same rules of procedure that govern other litigants.").  A prior court order also informed plaintiff

15  that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case

16  pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or

17  her case or fails to comply with the court's orders.  (Dkt. No. 4 at 2 (citing Chambers v. NASCO,

18  Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for

19  failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689

20  (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

21  Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil

22  procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

23  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

24  failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v.

25  Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that

26  district courts have inherent power to control their dockets and may impose sanctions including

1   dismissal), <u>cert. denied</u>, 479 U.S. 829 (1986)).)

2           Plaintiff has had ample time to file an amended pleading and has not done so to

3   date, despite having been warned of the consequences.  Moreover, given that plaintiff is a pro se

4   litigant, the undersigned gave him additional opportunities to amend the pleading to correct its

5   deficiencies.  (Orders, Dkt. Nos. 3-4.)  Notwithstanding those opportunities, plaintiff has not

6   filed an amended pleading

7   II.    <u>DISCUSSION</u>

8           Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

9   action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

10  failure to comply with the court's local rules, or failure to comply with the court's orders.[3]  <u>See</u>,

11  <u>e.g.</u>, <u>Chambers</u>, 501 U.S. at 44 (recognizing that a court "may act *sua sponte* to dismiss a suit for

12  failure to prosecute"); <u>Hells Canyon</u>, 403 F.3d at 689 (recognizing that courts may dismiss an

13  action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

14  prosecute or comply with the rules of civil procedure or the court's orders); <u>Ferdik</u>, 963 F.2d at

15  1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

16  action for failure to comply with any order of the court."); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639,

17  642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

18  habeas petitioner failed to file a first amended petition), <u>cert. denied</u>, 538 U.S. 909 (2003).  This

19  court's Local Rules are in accord.  <u>See</u> E.D. Cal. L.R. 110 ("Failure of counsel or of a party to

20  comply with these Rules or with any order of the Court may be grounds for imposition by the

21  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

22  Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal

23  Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among

24

25      [3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
    prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26  or any claim against it."  Fed. R. Civ. P. 41(b).

1  other things, dismissal of that party's action).

2         A court must weigh five factors in determining whether to dismiss a case for

3  failure to prosecute, failure to comply with a court order, or failure to comply with a district

4  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

5             (1) the public's interest in expeditious resolution of litigation;
              (2) the court's need to manage its docket; (3) the risk of prejudice
6             to the defendants; (4) the public policy favoring disposition of
              cases on their merits; and (5) the availability of less drastic
7             alternatives.

8  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

9  Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

10  "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

11  way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

12  Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

13         Although involuntary dismissal can be a harsh remedy, on balance the five

14  relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support

15  dismissal of this action.  Plaintiff's failures to file an amended complaint in response to two court

16  orders (Dkt. Nos. 3-4), despite clear warnings of the consequences for such failures, strongly

17  suggest that plaintiff has abandoned this action or is not interested in seriously prosecuting it.

18  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

19  expeditious resolution of litigation always favors dismissal.").  Any further time spent by the

20  court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will

21  consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at

22  1261 (recognizing that district courts have inherent power to manage their dockets without being

23  subject to noncompliant litigants).

24         In addition, the third factor, which considers prejudice to a defendant, should be

25  given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that the

26  operative complaint be served on defendants, defendants remain named in a lawsuit.  It is

1    difficult to quantify the prejudice suffered by defendants here; however, it is enough that

2    defendants have been named in a lawsuit that plaintiff has effectively abandoned.  At a

3    minimum, defendants have been prevented from attempting to resolve this case on the merits by

4    plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be

5    prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

6           The fifth factor, which considers the availability of less drastic measures, also

7    supports dismissal of this action.  As noted above, the court has actually pursued remedies that

8    are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

9    128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

10   actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

11   Malone v. Frank, 488 U.S. 819 (1988).  Here, the undersigned acknowledged plaintiff's initial

12   failure to file an amended complaint and provided plaintiff with even more time to amend his

13   pleading.  (OSC, Dkt. No. 4.)  Moreover, the undersigned advised plaintiff that he was required

14   to actively prosecute this action and follow the court's orders.  (Dkt. Nos. 3-4.)  The undersigned

15   also warned plaintiff in clear terms that failure to file an amended complaint would result in a

16   recommendation of dismissal, based in part on plaintiff's *consent to* such a dismissal.  (Dkt. No.

17   4 at 3.)  Warning a plaintiff that failure to take steps towards resolution of his or her action on the

18   merits will result in dismissal satisfies the requirement that the court consider the alternatives.

19   See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning

20   to a party that his failure to obey the court's order will result in dismissal can satisfy the

21   'consideration of alternatives' requirement.")  At this juncture, the court finds no suitable

22   alternative to recommending dismissal of this action.  This finding is supported by the fact that

23   plaintiff is proceeding in forma pauperis and thus would very likely be unable to pay any

24   monetary sanction imposed in lieu of dismissal.

25           The court also recognizes the importance of giving due weight to the fourth factor,

26   which addresses the public policy favoring disposition of cases on the merits.  However, for the

1 reasons set forth above, factors one, two, three, and five strongly support a recommendation of

2 dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

3 proper "where at least four factors support dismissal or where at least three factors 'strongly'

4 support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

5 and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

6 outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

7 963 F.2d at 1263.

8 III.    CONCLUSION

9          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

10          1.    This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)

11 and Local Rules 110 and 183(a).

12                a.    As to plaintiff Robert Ervin, such dismissal should be *with*

13 *prejudice*.

14                b.    As to possible plaintiffs "Lynn Ervin" and "Estate of Cynthia

15 Duncan," who were named in the pleading's caption but who did not themselves sign or file any

16 documents in this case, because the undersigned presently lacks the information to make any

17 determination as to whether either possible plaintiff actually intended to participate as named

18 plaintiff in this case, such dismissal should be *without prejudice*.

19          2.    The Clerk of Court be directed to close this case and vacate all dates.

20          These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

22 days after being served with these findings and recommendations, any party may file written

23 objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D.

24 Cal. L.R. 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

25 Findings and Recommendations."  Any response to the objections shall be filed with the court

26 and served on all parties within fourteen days after service of the objections.  E.D. Cal. L.R.

1   304(d).  Failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,

3   951 F.2d 1153, 1156-57 (9th Cir. 1991).

4                IT IS SO RECOMMENDED.

5   DATED:  May 2, 2013

6

7

8   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26